# APPENDIX.

STATE OF NORTH CAROLINA EX REL., JACK PAYNE, BERRY EDSOM AND
ENOCH GUNTER, RELATORS v. EDNA RAMSEY, DEMOCRATIC JUDGE OF
VOTING PRECINCT ESTABLISHED AS TOWNSHIP 2, WARD 3, COMMONLY KNOWN
AS GUNTERTOWN; KATHERINE R. FRANKLIN, REX ALLEN, CHAIRMAN,
TED R. RUSSELL, SECRETARY, AND VERNON E. WOOD, MEMBER OF MAD-
ISON COUNTY BOARD OF ELECTIONS, DEFENDANTS.

AND

STATE OF NORTH CAROLINA EX REL., JACK PAYNE, BERRY EDSOM AND
ENOCH GUNTER, RELATORS v. ROY FRANKLIN, REGISTRAR OF VOTING
PRECINCT ESTABLISHED AS TOWNSHIP 2, WARD 3, COMMONLY KNOWN AS
GUNTERTOWN; JIM WALLIN; REX ALLEN, CHAIRMAN, TED R.
RUSSELL, SECRETARY, AND VERNON E. WOOD, MEMBERS OF MADISON
COUNTY BOARD OF ELECTIONS, DEFENDANTS.

(Filed 2 October 1964.)

**1. Appeal and Error § 2—**

The Supreme Court will issue a Writ of Prohibition in the exercise of its
supervisory jurisdiction to prevent an unwarranted interference with elec-
tion officials when such extraordinary Writ is necessary to insure an
orderly election.

**2. Elections § 7—**

The sole procedure to test the validity of the appointments by a county
board of elections of precinct judges of elections and registrars of voting
precincts is by appeal to the State Board of Elections, and a judge of the
Superior Court has no original jurisdiction of an action instituted to try
title to such offices and to restrain the county board of elections from
turning over to its appointees the necessary materials for the conduct of
an imminent election. See Rules adopted by State Board of Elections gov-
erning contests with respect to elections and removal of election officials.

## WRIT OF PROHIBITION.

It appearing to the Court from the verified application of Ted R.
Russell, Secretary and Member of the Madison County Board of Elec-
tions, and it further appearing to the Court from the pleadings and
orders attached to said application that there are now pending in the
Superior Court of Madison County two actions which purport to be
instituted in the nature of *quo warranto* proceedings in which both the
former precinct judge of elections and the present judge of elections
and the present Board of Elections of Madison County are made parties
defendants and also in the second action the former registrar of a vot-
ing precinct and the present registrar of a voting precinct, as well as the
Madison County Board of Elections, are parties defendants; and

It further appearing to the Court that the primary object of said ac-
tions is an attempt to try the title to the offices of the present judge and

757

registrar of elections of Madison County and to again reinstate the former registrar and judge of the precincts set forth in the pleadings, and that this relief is sought in behalf of the registrars and judges in seven precincts, all of which former officials have been removed from office by action of the Madison County Board of Elections; and

It further appearing to the Court that the purported relators in these two actions have applied to the Honorable Harry C. Martin, Judge of the Superior Court of North Carolina, and have obtained temporary restraining orders which at the present time restrain and enjoin the Madison County Board of Elections from carrying out its duties with reference to the coming General Election to be held on November 3, 1964, and also restraining said Board of Elections from delivering necessary election materials to the present precinct election officials which have been appointed by the present Board of Elections of Madison County and from holding and conducting a new registration of voters as provided by law, and said Board of Elections of Madison County is further restrained from recognizing any persons as judges and registrars of election or voting precincts except those who have heretofore been removed from office by said Board of Elections of Madison County; and

It further appearing to the Court that in said temporary restraining order, above referred to, the said Board of Elections of Madison County is commanded and directed to deliver all election materials necessary to conduct the new registration and to hold the General Election of November 3, 1964, to said former judges and registrars who have been removed from office by the present Board of Elections of Madison County; and

It further appearing to the Court that the Superior Court of Madison County, as well as the Judge of the Superior Court who issued said two temporary restraining orders, do not have jurisdiction to institute and maintain said actions or to issue said restraining orders but that the remedy, if any, is for the former judges and registrars of the precincts of Madison County who have been removed by the present Board to appeal to the North Carolina State Board of Elections from said order of removal:

NOW, THEREFORE, IT IS ORDERED, by the Supreme Court of North Carolina, pursuant to its constitutional authority to issue any remedial writs necessary to give it general supervision and control over the proceedings of the inferior courts, and pursuant to any other constitutional provisions and statutes that may be applicable, and pur-

suant to any common law powers and authority of the Court, as follows:

(a)   That the plaintiffs or relators in the said two actions now pending in the Superior Court of Madison County, as well as their officers, agents, attorneys and the Clerk of the Superior Court of Madison County, be, and they are hereby, prohibited, ordered and commanded to refrain from prosecuting any further the two said actions now pending in said Court, copies of the pleadings being attached to this Order, and said parties shall not, by order of this Court, take any further action in said suits or proceedings heretofore instituted in the Superior Court of Madison County, nor shall said plaintiffs, or relators, their officers, agents or attorneys, or any other persons or parties, institute any other or further actions or proceedings of any nature which shall have as their objectives the actions or relief sought in the pleadings attached hereto or any other relief which shall seek to change the status of the present election officials appointed by the present Board of Elections of Madison County;

(b)   That these two proceedings now pending in the Superior Court of Madison County, as above designated, be, and the same are hereby, dismissed, and it is further ordered and declared by this Court that the Superior Court of Madison County has no jurisdiction to entertain such proceedings and that the remedy of the former election officials, who have been removed from office by the Madison County Board of Elections, is hereby declared to be an appeal to the North Carolina State Board of Elections in Raleigh, North Carolina, from said order of removal, and said remedy of appeal heretofore set forth is declared to be applicable also to any electors of Madison County who may be interested in said proceeding;

(c)   That the two restraining orders issued in these proceedings by the Honorable Harry C. Martin, on the 30th of September, 1964, are hereby vacated, and said Judge of the Superior Court, as well as any other Judge of the Superior Court, are hereby prohibited by this Court from enforcing and carrying out the commands and orders contained in said two restraining orders, and all judicial officials inferior to the Supreme Court of North Carolina, and all other persons, are hereby prohibited from taking any further action or orders in these proceedings or from interfering in any way or manner with the present Board of Elections of Madison County in its discharge and execution of its statutory duties in conducting all proceedings necessary for the General Election to be held on November 3, 1964;

(d)   That the present Board of Elections of Madison County is commanded to deliver and make available any and all necessary elec-

tion materials to its duly appointed precinct officers and officials and to carry out any and all duties and proceedings necessary and as provided by law to hold the General Election of November 3, 1964, and that the same shall be done and performed without any interference or hindrance on the part of these plaintiffs or relators, their officers, agents, attorneys, judges of the Superior Court or any other persons whatsoever;

(e)   That this Order shall remain in complete force and effect until the termination or conclusion of the General Election to be held on November 3, 1964, and thereafter until all election returns have been made to the proper officials and the results of same have been canvassed and certified in the manner provided by law.

IT IS, THEREFORE, ORDERED BY THE COURT that this Writ of Prohibition shall be in full force and effect from and after the date herein issued by this Court.

This the 2nd day of October, 1964.

SHARP, J.
For the Court

A TRUE COPY:

ADRIAN J. NEWTON
Clerk of Supreme Court of North Carolina.